## SUPREME COURT

ANDREW WHITE, receiver of the Canal Bank of Albany, agt. MILES and LEWIS JOY.

A complaint, upon a promissory note, entitled "Andrew White, receiver of the Canal Bank of Albany," alleging throughout indebtedness thereon to, and ownership by, plaintiff; and demanding judgment in favor of the plaintiff, is insufficient to recover in the capacity of receiver. The words, "Receiver of the Canal Bank of Albany," are merely descriptio personæ ; and the law adjudges that he sues in his individual capacity.

To recover as receiver, it would be necessary to allege, in legal form, that the plaintiff was appointed receiver of the property and effects of the bank. The time, place, and manner of the appointment, are traversable facts, and should be stated. (This agrees with Sheldon, adm'r, agt. Hoy, ante, page 11.)

The Code says, (§ 155,) "If the reply of the plaintiff to any defence set up by the answer of the defendant be insufficient, the defendant may demur thereto, and shall state the grounds thereof." Here the broad ground is afforded to the defendant to demur to the reply, whenever it is insufficient, without pointing out on what particular grounds the reply shall be deemed insufficient.

Where a plaintiff, in his complaint, claims to recover as an individual, upon which the defendant, in his answer, takes issue, he has no right, in his reply, to assume and claim in an official capacity.

The Code does not authorize a plaintiff to recover upon facts set forth in his reply only, which are not mentioned, or referred to in his complaint.

*Albany General Term, April,* 1855.

THE defendants were summoned to answer the complaint of Andrew White, of the Canal Bank of Albany, as plaintiff, and if they failed to answer, judgment would be taken against them ·for $1,000, with interest from the 27th of October, 1849.

The complaint, which was served with the summons, was entitled, "*Andrew White,* receiver of the Canal Bank of Albany, agt. *Miles* and *Lewis Joy*," and set forth that the defendants, as partners, on the 27th day of October, 1848, at Buffalo, by a promissory note in writing, promised to pay the sum of $1,000 one year from date; that the same was transferred to the plaintiff, who is now the holder and owner thereof; that payment was demanded at maturity; that the defendants had not paid it, but were indebted to the plaintiff therefor; whereupon the plaintiff demands judgment against the defendants for $1,000, with interest from the 27th day of October, 1849.

Lewis Joy, one of the defendants, put in an answer, denying that he was indebted to the said Andrew White in any sum whatever upon the note mentioned in the complaint, or that the note was ever transferred to the said White personally; and controverted the allegation in the complaint, that White was the holder and owner of it. For a further answer, and by way of new matter, he admitted that Miles Joy (his co-defendant) and himself, previous to, and at the time of the failure of the Canal Bank, were indebted to the said bark in an account larger than the note. That on the 10th of·July, 1848, the bank stopped payment, and became insolvent; that shortly thereafter, and before the giving of said note, in August of that year, he was informed, and believed, that a receiver of the property of the bank was appointed in pursuance of the statute and the manner provided by law; that the receiver entered on his duties, and took possession of the property of the bank, including the demand against the defendant and Miles Joy; and that subsequent to taking such possession, the said Miles Joy and defendant made the said promissory note, and caused the same to be transferred and delivered to the said receiver of the bank, in payment of their prior indebtedness. He then averred that the

said receiver of the Canal Bank was, in his official character and capacity as such receiver, the owner and holder of the promissory note mentioned in the complaint; and insisted that the said Andrew White was not entitled to recover against the defendant any judgment whatsoever, by reason of anything alleged in the said complaint.

The plaintiff replied, that on or about the 17th day of July, 1848, he was, by an order of the supreme court, made pursuant to statute, on occasion of the insolvency of the said Canal Bank of Albany, appointed receiver of the property, effects, and things in action of said bank; that he was the receiver mentioned, and whose appointment was set forth in the answer; and that he was now the holder and owner of said note as such receiver, and seeks to recover in this action in that capacity, and not individually.

To this reply Lewis Joy demurred, and assigned the following causes:—

1st. That the said reply does not correspond with the summons in this action, in this: that said plaintiff, in said summons, describes himself as "Andrew White, of the Canal Bank of Albany," and gives notice, in said summons, that in case of the failure of the defendants to answer the complaint in this action, he will take judgment against them; and in and by his said reply he seeks to recover the same judgment, in his therein first alleged capacity of receiver of the Canal Bank of Albany, and not individually, as by his said summons he claims to do.

2d. That said reply shows that the plaintiff is not entitled to recover, by reason of the fact stated in the complaint.

3d. That the plaintiff, by his said reply, seeks to avoid the effect of the defendant's answer, and at the same time, by means of the last pleading (save a demurrer) allowed by law in an action, to deprive this defendant of stating and pleading all or any of the defences which he has, or may have, to any action which may be brought by the receiver of the Canal Bank of Albany, or of any assignee, after maturity of the promissory note mentioned in the complaint, for the recovery, by the said receiver, in his capacity of receiver, or by such assignee, after

maturity, of the amount claimed to be due upon said promissory note.

4th. That by said reply the plaintiff has abandoned and deserted the grounds taken by him in his complaint, and upon which he therein sought to recover, and resorts to other grounds of recovery.

5th. That by said reply the plaintiff seeks to recover in a different character from that in which he seeks to recover in his complaint.

6th. That the reply is a departure from the complaint, and is a departure from the grounds and cause of action set forth in the complaint.

7th. That the said reply is in other respects defective, insufficient, and informal.

The demurrer was brought to argument before Justice WRIGHT, who gave judgment for the defendants thereon, and the plaintiff appealed to this court.

LANSING & PRUYN, *for appellant.*

WELCH & HIBBARD, *for respondents.*

By the court—WATSON, Justice. The first and most important question arising upon the pleadings is, in what capacity did the plaintiff sue? In the summons he describes himself as " Andrew White of the Canal Bank of Albany, plaintiff," and gives notice that if the defendants fail to answer the complaint, that, as *such plaintiff,* he will take judgment against them. So far as the summons goes, he clearly sues as an individual, for he does not represent himself to be even an officer of that bank. But, passing by the summons, and taking up the complaint, does the plaintiff appear in any other light? It is true, the complaint is entitled, " Andrew White, receiver of the Canal Bank of Albany ;" but how he acquired that fiduciary capacity, by the order of what court, at what time, or at what place, it is no where set forth in the complaint. Without setting forth these essential requisites, the law adjudges that he sues in his individual capacity, and that the words, " Receiver of the Canal.

Bank," are merely descriptive of the person. (*Ex parte The Bank of Monroe*, 7 *Hill*, 177; 3 *Comstock*, 44 & 46; *Stone* agt. *Wood*, 7 *Cowen*, 453; 8 *id.* 81.)

It was necessary to allege, in legal form, that the plaintiff was appointed receiver of the property and effects of the bank. The time, place, and manner of the appointment are traversable facts, and should be stated. (4 *Denio*, 80; 2 *Barb. S. C. R.* 369; 17 *Wend.* 198; *Story's Eqt. Ple.* 38, 257, 258, *and* 260.) The corporation being dead, the receiver's right to administer upon its estate or effects is a material and traversable fact; and if the decree of the court appointing him had been set out, or the substance of it, the court could have determined, after the defendant had had an opportunity of traversing the facts set forth, whether the 'plaintiff, as a receiver, had a right to recover on the note. Upon this point the complaint is entirely silent. The plaintiff's complaint, therefore, is wholly defective, in not showing any facts that entitle him, in the capacity of receiver, to recover upon the note, or even to show that he is the holder and owner, as such receiver.

The Code, which is always referred to as authority to support a loose or defective pleading, will not sustain the complaint in this case. That requires "a plain and concise statement of the facts constituting a cause of action, without any unnecessary repetition." (*Code,* § 142, *sub.* 3.) Here the facts set forth in the complaint do not constitute a cause of action, and do not entitle the plaintiff to recover in the capacity in which he seeks to recover.

The plaintiff insists that there is no such ground of demurrer allowed by the Code as is here taken by the defendant. If the reply of the plaintiff, to any defence set up by the answer of the defendant, be insufficient, the defendant may demur thereto, and shall state the grounds thereof. (*Code,* § 155.) Here the broad ground is afforded to the defendant to demur to the reply *wherever it is insufficient,* without pointing out on what particular grounds the reply shall be deemed insufficient. It must be tested by the same rules which are applied to other pleadings.

What is the reply in this case to that part of the defendant's

answer, which sets forth that a receiver had been appointed · upon the property and effects of the Canal Bank, and that the defendant and his co-defendant were indebted to the receiver, in his capacity as *receiver*, to the amount of the note, and not the plaintiff individually? His reply is, that by an order of · the supreme court, he had been appointed receiver of the said bank, and that, as such receiver, and not individually, he claimed to recover of the defendants the amount of the said note. Here is a total departure from the complaint. There, as I have shown, he claimed to recover individually of the defendants. Here he claims to recover in the capacity of a receiver, duly appointed to administer upon the effects of a defunct corporation.

These rights are entirely distinct, and depend upon entirely different facts. The defendant had joined an issue upon the plaintiff's right to recover in his individual capacity, by denying, in the first part of his answer, every material fact in the complaint constituting a right on the part of the plaintiff to recover in that character. In the second part of his answer he sets forth facts, which show that another person, to wit, the receiver of the Canal Bank, had a right to recover upon the said note, and not the plaintiff individually. The plaintiff, in his reply, abandons entirely the only grounds on which he claimed to recover in his complaint, and assumes a wholly different character—that of a receiver of an insolvent corporation, appointed by an order of the supreme court, and claiming, in that character, to recover upon the note. Now, unless the Code authorizes a plaintiff to recover upon facts set forth in his reply *only*, which are not mentioned or referred to in his complaint, then the plaintiff cannot recover in this case. The plaintiff has no cause to complain, if the rules of law applicable to pleadings are strictly and rigidly enforced against him in this case. His position is one which he voluntarily chose. When the answer of the defendant distinctly apprised him of the difficulty in the way of his recovery, he might have amended his complaint by setting forth facts sufficient to show his right to recover as receiver of the bank; or if his complaint was not amendable,

then he could have discontinued his suit. Instead of doing either, he has chosen to interpose a reply to the defendant's answer, which reply is wholly insufficient; and the defendants should have judgment upon demurrer, with leave to the plaintiff to amend on payment of costs.