[No. 1,032.]

A. H. MANNING, SURVIVING PARTNER OF THE LATE FIRM OF MANNING & DUCK, APPELLANT, *v.* M. J. SMITH, RESPONDENT.

ACTION BY SURVIVING PARTNER ON PROMISSORY NOTE EXECUTED IN FIRM NAME AFTER DEATH OF A PARTNER—SUFFICIENCY OF COMPLAINT.—The allegations of complaint stated in the opinion and held equivalent to a positive averment that the note was made and delivered to the plaintiff, as surviving partner, in the name of the firm, and to be sufficient to enable plaintiff to maintain the action.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts appear in the opinion.

*Webster & Rankin,* for Appellant:

The demurrer to plaintiff's amended complaint was improperly sustained. On the death of one partner the surviving partner is entitled to all the choses in action and other evidences of debt belonging to the firm. They must be collected in his name. The right of action in relation to all partnership demands is transferred to the surviving partner. (Collyer on Part., sec. 666, note 5; *Murray* v. *Mumford,* 6 Cow. 441; *Burney* v. *Smith,* 4 Har. & J. (Md.) 485; *Yale* v. *Eames,* 1 Metc. 487.) The execution of the note sued on

after the death of Duck, in settlement of an account owing by Smith to the firm of M. & D., was not the making of a new contract, but simply the changing of the form of the indebtedness. (Collyer on Part., sec. 546, note; *Darling* v. *March*, 22 Me. 184; *Rooles* v. *Wellford*, 4 Munf. 215; *Woodford* v. *Dorwin*, 3 Vt. 522.) This does not prevent the surviving partner from suing upon it in his own name. Manning, as surviving partner, is the real party in interest. It is not necessary that the payee mentioned in the note is the real payee, if the court can ascertain who the real payee is. (1 Daniels on Neg. Inst., secs. 99, 100, and cases cited.)

*W. M. Boardman,* for Respondent:

I. The court did not err in sustaining defendant's demurrer to plaintiff's original complaint. It is not alleged in said complaint that any member of said firm is deceased. (1 Estee's Pl. 259; Collyer on Part., secs. 674, 675, 650, 651.) It is not shown that the plaintiff is the surviving partner, and as such, entitled to maintain this suit. (*Hubbell* v. *Skiles*, 16 Ind. 138; *Ledden* v. *Colby*, 14 N. H. 33.) The complaint discloses on its face that the note sued on was not made or delivered to the plaintiff as surviving partner. (*Keith* v. *Pratt*, 5 Ark. 661.)

II. The court did not err in sustaining defendant's demurrer to plaintiff's amended complaint. Upon the death of one of the members of said firm, September 19, 1878, the same was then dissolved. The firm of Manning & Duck being dissolved, then and thereafter ceased to be a person in law; new contracts or promissory notes could not be taken or made to such firm; the note sued on was not made or delivered to any person or payee in law, and is void. (*Cornthwaite* v. *Bank of Rockville*, 57 Ind. 268; Collyer on Part., secs. 540, 541; Story on Con., sec. 241; 1 Pars. on Con. 201; *Wayman* v. *Torreyson*, 4 Nev. 124.) The note was not the property of said firm, upon which any right of action exists in favor of plaintiff as surviving partner; but, if any right of action exists in favor of such plaintiff, it is upon the original demand of the firm. (*Daby* v. *Ericsson*, 45 N. Y. 786; *Clark* v. *Howe*, 23 Me. 560.) The right of the surviving

partner was to continue in possession of the effects of the copartnership, and to settle its business, but his right and power do not extend further.   No obligation to pay money can be made to the members of a firm when one of its members is dead, or to the firm, when the firm itself is dissolved. (Comp. L., p. 173, sec. 200; Coll. on Part., sec. 129, pp. 124, 125, and cases cited; Id., sec. 130, pp. 126, 127; *Gleason* v. *White*, 34 Cal. 258.)·

By the Court, Hawley, J.:

This action was brought upon a promissory note executed by the defendant to "Manning & Duck," on the first day of January, 1879.   The district court sustained a demurrer to the original and·amended complaint, and (the plaintiff refusing to further amend) entered judgment in favor of defendant.   The original complaint did not contain any averment as to who constituted the firm of Manning & Duck; nor did it allege that any member thereof was dead.   It failed to show the essential facts necessary to authorize the plaintiff to maintain the action as "surviving partner of the late firm of Manning & Duck."

The amended complaint alleges: "That prior to the nineteenth day of September, 1878, A. H. Manning and William Duck constituted a copartnership under the firm name and style of Manning & Duck; * * * that on the nineteenth day of September, 1878, said William Duck, one of the members of the said firm of Manning & Duck, died, leaving as sole surviving partner said A. H. Manning, in which capacity of surviving partner he brings this suit; that * * * on the first day of January, A. D. 1879, said M. J. Smith, defendant, in settlement of an account held by said firm against him, made, executed, and delivered, in the name of said defendant, his certain promissory note" (a copy of which is set out); "that the note is due and unpaid; that plaintiff, as surviving partner of the firm of Manning & Duck, is the holder of the note, it being the property of the late firm."

We are of opinion that these averments are sufficient to

enable the plaintiff to maintain this action. The allegations are not as clear and specific as they might have been made. They are, however, equivalent to a positive averment that the note was made *and delivered to the plaintiff, as surviving partner,* in the name of the firm.

From the facts stated, the law will infer that the contract was made with the living party alone. (*Bonne* v. *Ray,* 5 Ark. 20.)

The judgment of the district court is reversed and the cause remanded for trial. The district court will grant defendant a reasonable time within which to appear and answer the amended complaint.