[No. 1134.]

PHILLIP REESE, APPELLANT, *v.* JAMES H. KINKEAD, RESPONDENT.

ACTION BY SURVIVING PARTNER—ALLEGATION OF COPARTNERSHIP—SUFFICIENCY OF.—An allegation that plaintiff and one C., now deceased, were copartners at the time of C.'s death (stating the time), and did business under the style of C. & R., and that plaintiff is the sole surviving partner of said copartnership: *Held*, sufficient.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts appear in the opinion.

*Wm. Webster*, for Appellant:

I. The surviving partner is entitled to the possession of the copartnership property as against all others for the purpose of paying the debts by sale of the copartnership property, and finally closing the copartnership business. (1 Comp. L. 680; 3 Kent, 37, 74, 75; Colly. on Part., sec. 129; *Murray* v. *Mumford*, 6 Cow. 441; Story on Part., sec. 346; 3 Kent's Com. 37; *Burnside* v. *Merrick*, 4 Met. 540.)

II. An action of replevin may be brought whenever one

person claims property in the possession of another. (*Lazard* v. *Wheeler*, 22 Cal. 142.)

*Robert M. Clarke*, for Respondent:

I. The complaint fails to state a cause of action in this, to-wit: It does not state facts which show a copartnership between the said Phillip Reese and the said R. H. Crocker. (*Groves* v. *Tallman*, 8 Nev. 178.)

By the Court, HAWLEY, C. J.:

The complaint in this action alleges, "That plaintiff and one R. H. Crocker, now deceased, were copartners in business preceding and at the time of said Crocker's death, which occurred on or about October 17, 1879, and as such copartners did business under the style of Crocker & Reese, and were the owners in copartnership of the personal property hereinafter described; that plaintiff is the sole surviving partner of said copartnership, and now is the owner and entitled to the immediate possession" of the property particularly described in the complaint; "that said property was the property of said copartnership of Crocker & Reese before and at the time of said R. H. Crocker's death." Then follows the usual averment of demand for the possession and refusal, and the wrongful withholding and detention of said property by defendant.

To this complaint the defendant demurred, upon the ground "that said complaint does not state facts sufficient to constitute a cause of action." The court sustained the demurrer, and, the plaintiff having refused to amend his complaint, rendered judgment in favor of defendant.

The court erred in sustaining the demurrer.

It is claimed that the complaint does not state facts which show a copartnership between Reese and Crocker.

In Moak's Van Santvoord's Pleadings, 146, it is said that "a surviving partner may maintain an action in his own name for a debt incurred to the partnership during its existence, without setting out the partnership or the death of his copartner, or his survivorship." (*French* v. *Andrade*, 6 Durnf. & East. 582; *Slipper* v. *Stidstone*, 5 Durnf. & East. 493; *Smith*

v. *Barrow*, 2 Term. 476; *Matter of Miller*, 1 Paige Ch. 445; *Bernard* v. *Wilcox*, 2 John. Cas. 375.)

In *Smith* v. *Wood*, which was an action of replevin brought by the surviving partner in his own name against the administrator of the deceased partner, the court said: "An action of replevin can be maintained by him who has the right of possession, and that the surviving partner is entitled to possession of the partnership effects is undoubted law." (31 Md. 300.)

But if it be essential in such actions to allege the existence of the copartnership, the death of the copartner, and the survivorship—and such is the better practice—then the allegations in this complaint are in the usual form, and are sufficient. (1 Estee Plead. 259; Bliss on Code Plead. 265; *Quillen* v. *Arnold*, 12 Nev. 240; *Manning* v. *Smith*, 16 Nev. 85.)

The right of a surviving partner to sue for the personal property and effects of the copartnership is too well settled to require discussion. (See authorities cited in *Quillen* v. *Arnold*, 12 Nev. 248; *Bassett* v. *Miller*, 39 Mich. 133.)

The judgment of the district court is reversed and the cause remanded for trial. The court will allow defendant a reasonable time to appear and answer plaintiff's complaint.