[No. 1135.]

PHILLIP REESE, Appellant, *v.* JAMES H. KINKEAD, EXECUTOR OF THE ESTATE OF R. H. CROCKER, DECEASED, et al., Respondents.

ALLEGATION OF COPARTNERSHIP—SUFFICIENCY OF.—The averment of a copartnership was: "That the plaintiff and R. H. Crocker, now deceased, were at the time and prior to the death of said R. H. Crocker, copartners under the firm name and style of Crocker & Reese:" *Held*, sufficient, (*Reese* v. *Kinkead* 17 Nev. 447, affirmed.)

PARTNERSHIP PROPERTY—SALE TO COPARTNER—VENDOR'S LIEN.—Where one conveys his interest in copartnership lands to his copartner, he is, in the event of his copartner's death before payment, and in the absence of fraud, entitled to a vendor's lien for the purchase price; provided there are no creditors of the estate of his copartner.

Appeal from the District Court of the Second Judicial District, Washoe County.

The averment of copartnership in the amended complaint is stated in the syllabus.   The other facts are stated in the opinion.

*William Webster* for Appellant :

Appellant was entitled to any relief the facts in his complaint would permit, and if no trust could be decreed because of our statute and the decision in the case of *Sime* v. *Howard*, 4 Nev., 473, the court should have, on the showing made in the complaint, granted relief upon sufficient evidence by decreeing a lien for the amount of money mentioned in the deed. (*Leman* v. *Whitley*, 4 Russ. 423 ; Hill on Trust. 171, and authorities cited in Note 1.)

*Robert M. Clarke*, for Respondents :

· The amended complaint does not state a cause of action.

I. The averment of copartnership is insufficient.   (*Groves* v. *Tallman*, 8 Nev., 178.)

II. If, as attempted to be alleged, a partnership existed and the property in question was partnership property, in that case there is no lien for the purchase money.   The property would still be subject to the partnership debts and the equitable lien of the creditors would still prevail.

By the Court, Leonard, J. :

Plaintiff appeals from the judgment rendered herein in favor of defendants for their costs of suit.   It is assigned as error that the court below erred in sustaining defendants' demurrer to the original complaint, and also in sustaining the demurrer of James H. Kinkead, executor, to plaintiff's amended complaint.   By the amended complaint, plaintiff alleges the partnership of himself and Crocker until the latter's death ; that he owned an undivided one-half interest in the property described in the deed before mentioned,

and as such owner, at the request of Crocker, and for the consideration of seven thousand five hundred dollars, sold and conveyed to said Crocker, by deed duly executed by plaintiff, an undivided one-half interest in and to the lands, water rights, and privileges described therein; that no part of said sum has been paid, and the whole of said consideration is now due; that Crocker died in September, 1879, seized of said property; that defendant James H. Kinkead is the duly appointed and acting executor of the last will and testament of said Crocker, deceased; that within the time allowed by law plaintiff duly presented his demand in the sum of seven thousand five hundred dollars to said executor for allowance, and that the same was rejected and disallowed; that the other parties defendant are legatees and heirs at law of said Crocker, deceased, and have and claim an interest in said estate, because of the last will and testament of said Crocker.

Upon these facts plaintiff prays that a vendor's lien be decreed in his favor and against all the defendants named for the sum of seven thousand five hundred dollars, the consideration named in said conveyance; that an order of sale be made directing the sale of so much of said premises as may be necessary to pay plaintiff's demand for the purchase price of said property.

The amended complaint was demurred to on the ground that it did not state a cause of action. The demurrer was sustained. Plaintiff refusing to amend further, judgment for defendants' costs was rendered against plaintiff, as before stated. We think the averment of copartnership is sufficient. (*Reese* v. *Kinkead*, 17 Nev. 447.)

Counsel for respondent contends that, if a partnership existed, and the property conveyed was partnership property, there was no lien for the purchase money; that the property would still be subject to the partnership debts, and the equitable lien of the creditors would prevail. But the complaint does not show the existence of any partnership creditors, and if such there are, they are not made parties. The defendants have the right to protect them-

selves, but not the creditors of the partnership.    If the conveyance was fraudulent, the fact does not appear in the amended complaint, but it does appear that plaintiff sold to Crocker the property described in the deed for seven thousand five hundred dollars, and that no part of the purchase money has been paid.    Upon these facts, in the absence of fraud, which cannot be presumed, the plaintiff is a creditor of Crocker's estate to that amount, and, on general principles, has a lien on the property sold, as security for the debt.    (*Burt* v. *Wilson*, 28 Cal. 638 ; *Cahoon* v. *Robinson*, 6 Cal. 226 ; *Leman* v. *Whitney*, 4 Russ. 427.)    We think the court erred in sustaining the demurrer to plaintiff's amended complaint.

The judgment is reversed, with instructions to the court below to allow defendants a reasonable time to answer.